1
2
3            UNITED STATES DISTRICT COURT
4               DISTRICT OF NEVADA
5                        * * *
6   CHRISTOPHER SIQUEIROS, *et al.*,        )
                                            )
7               Plaintiffs,                 )      2:12-cv-01364-JAD-CWH
                                            )
8   vs.                                      )      **ORDER**
                                            )
9   JACK BYBEE ARNOLD, *et al.*,            )
                                            )
10              Defendant.                  )
    _____)
11
12          This matter is before the Court on Plaintiffs' Motion for Good Faith Settlement (#53),

    filed October 22, 2013.  The motion is unopposed.  *See* Exhibit 2.  Pursuant to Nevada Revised
13
    Statute 17.245, Plaintiffs request a finding that the settlement with Defendant Jack Bybee Arnold
14
    was entered in good faith.
15
                              **BACKGROUND**
16
            The parties and Court are familiar with the factual background and legal issues involved
17
    in this lawsuit.  The case involves a motor vehicle collision that resulted in serious injuries to
18
    Plaintiffs, including the death of a child.  The suit is brought against Defendants Jack Bybee
19
    Arnold ("Arnold") and his employer Sturgeon Electric Company ("Sturgeon Electric").  The
20
    allegations against Defendant Arnold are that he was negligent in the operation of his motor
21
    vehicle, thereby causing the collision and resulting injuries and death.  Defendant Sturgeon
22
    Electric is being sued as his employer under the theory of respondeat superior.   Sturgeon Electric
23
    previously moved for summary judgment, arguing that Arnold was not acting within the course
24
    and scope of his employment at the time of the collision and that the "traveling employee"
25
    exception did not apply outside the context of workers' compensation claims.  The motion was
26
    denied.  *See* Minutes of Proceedings (#40).[1]
27
28
    _____
            [1] After the summary judgment was denied, Sturgeon Electric filed a petition for writ of mandamus
    with the Ninth Circuit (#42), which was also denied.  *See* Order of USCA (#43).

Shortly thereafter, Plaintiffs filed a motion requesting that the undersigned conduct a settlement conference.  (#44).  At hearing on the motion, all parties were optimistic that a settlement conference would be beneficial.  Accordingly, the motion was granted (*see* Mins. of Proceedings (#46)) and a settlement conference went forward on September 12, 2014.  No settlement was reached.  *See* Mins. of Proceedings (#50).

The current motion is a result of continued settlement conversations between the parties after the settlement conference and is straightforward.  Plaintiffs seek an order pursuant to NRS 17.245 finding that the settlement agreement reached with Defendant Arnold was reached in good faith.  Owing to Defendant Arnold's financial condition and lack of appreciable assets that could satisfy any judgment in this matter, the parties have settled for the remaining funds available from Defendant Arnold's automobile insurance policy.  *See* Exhibit 1.  Ultimately, the proposed settlement is for $64,549.04, which accounts for the property damage already paid to Plaintiffs out of the $75,000.00 policy limit.  It is represented that Arnold has no other insurance policies that would provide coverage.  Attached to the motion is a stipulation signed by Sturgeon Electric's counsel indicating that Sturgeon Electric is unopposed to the pending motion to the extent it is not construed as a waiver of any defenses to the claims, including the defense that Arnold was not acting within the course and scope of his employment at the time of the collision. Exhibit 2.

## **DISCUSSION**

Nevada Revised Statute 17.245 provides, in pertinent part, as follows:

> When a release or a covenant not to sue or not to enforce judgment is given in good faith to one of two or more person liable in tort for the same injury or the same wrongful death:
> (a) It does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide, but it reduces the claim against the others to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, which is the greater; and (b) It discharges the tortfeasor to whom it is given from all liability for contribution and for equitable indemnity to any other tortfeasor.

The determination of whether a settlement is in "good faith" is "left to the discretion of the trial court based upon all relevant facts available."  *Velsicol Chemical Corp. v. Davidson*, 811 P.2d 561, 563 (Nev. 1991).  The factors identified in *In re MGM Grant Hotel Fire Litig.*, 570 F. Supp.

913, 927 (D. Nev. 1983) provide a useful, non-exclusive list of factors a court may choose to consider in the exercise of its "considerable discretion." *The Doctors Co. v. Vincent*, 98 P.3d 681, 686-87 (Nev. 2004). The *MGM* factors include (1) the amount paid in settlement, (2) the allocation of proceeds between settling plaintiffs, (3) insurance policy limits of settling defendants, (4) the financial condition of settling defendants, and (5) the presence of collusion, fraud, or tortious conduct aimed to harm the interests of non-settling defendants. *In re MGM*, 570 F. Supp. at 927 (citing *Commerical Union Ins. Co. v. Ford Motor Co.*, 640 F.2d 210 (9th Cir. 1981)). However, Nevada law does not require a court to limit, or even consider, the *MGM* factors or hold a hearing before making a determination of good faith. *Velsicol*, 811 P.2d at 563 (declining to adopt the "California rule" contrary to the assumption in *MGM*).

Having considered the record and pertinent factors, including that the potentially affected non-settling defendant does not oppose the settlement agreement, the Court finds that the settlement agreement reached between Plaintiffs and Defendant Arnold was made in good faith for purposes of NRS 17.245. The amount paid is equal to the amount remaining on Arnold's applicable insurance policy. Arnold has no other appreciable assets that might satisfy any judgment in this matter. There is no evidence of collusion, fraud or tortious conduct aimed at injuring the non-settling defendants. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Good Faith Settlement (#53) is **granted**.

**IT IS FURTHER ORDERED** that the settling parties shall file a written joint status report by **Friday, December 5, 2014**, outlining the status of the settlement. The requirement that the parties submit a written joint status report will be automatically vacated upon filing of a stipulation dismissing Defendant Arnold from the suit.

Dated: November 7, 2014.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge

- 3 -